The People of Puerto Rico, Plaintiff and Appellee, *v.* Francisco Rodríguez Bravo, Defendant and Appellant.

No. 8546. Argued January 20, 1941.—Decided January 22, 1941.

*Carlos D. Vázquez,* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

After judgment had been rendered by the district court of San Juan, on February 20, 1940, sentencing the defendant Francisco Rodríguez Bravo to pay a fine of $50 or in default of such payment to be confined in jail one day for each dollar left unpaid, for a violation of a final order of the Public Service Commission, the defendant, three days later, appealed from said judgment to this court. He obtained his release on bail and then took no further steps.

At this stage, on November 18, 1940, that is, nearly nine months after the appeal had been taken, the prosecuting

attorney moved for a dismissal of the same on the ground of. lack of diligence. on the part of the appellant in the prosecution thereof.

The hearing of the motion was set for the 20th of this instant January, and both parties appeared. The prosecuting attorney maintained his motion and the defendant opposed the same. He alleged that the judgment roll and the transcript of the evidence had been filed in the office of the secretary of this court since the 7th of the present January, and that the failure to file them before was due to the fact that when he appealed, he entrusted his case to his attorney, Antonio J. Amadeo, with whom he tried to communicate when notice of 'the motion for dismissal was served on him and that he was unable to do so as said attorney had entered the army and was in the Tortuguero encampment, Vega Baja, P. R., for which reason he appointed the attorney who now represents him; and that a meritorious appeal was involved, as the evidence was insufficient and the complaint failed to charge him properly with the violation for which he had been sentenced.

The lack of diligence in the prosecution of the appeal is clear—and it seems advisable to state that besides Mr. Amadeo, Mr. Malatrasi appears as attorney for the defendant.—Not only was there a failure to timely comply with the provisions of section 356 of the Code of Criminal Procedure, 1935 ed., and with Rule 59 of this court, 17 P.R.R. LXXVI, but also, though the appellant was served with notice of the motion for dismissal on November 22, 1940, it was not until January 7, 1941, that he filed the judgment roll and the transcript of the evidence. See *People* v. *Ruiz*, decided today (*ante*, p. 875).

Moreover, we have examined the said judgment roll and transcript of the evidence in order to judge of the merits of the appeal and we *prima facie* find that the complaint is sufficient and similarly as to the evidence. Although only one witness testified for the prosecution while several wit-

nesses testified to the contrary for the defense, the trial court in the exercise of its powers adjusted the conflict adversely to the defendant, without there being any showing of passion, prejudice, or partiality on the part of the judge.

Such being the facts and the attendant circumstances of the case, there is no substantial basis for the exercise of our discretion in favor of the appellant, and the motion of the prosecuting attorney must be sustained and consequently the appeal dismissed for want of prosecution.